## Commonwealth v. Valle

C.P. of Lehigh County, no. 2878/2009.

*Tonya H. Tharp, deputy district attorney,* for Commonwealth.
*Michael E. Brunnabend,* for defendant.

DANTOS, *J.,* January 30, 2010—Defendant, Louis Valle, has filed an appeal from this court's judgment and sentence entered on October 9, 2009. Accordingly, we

are issuing this opinion pursuant to the provisions of Pennsylvania Rule of Appellate Procedure 1925.

On August 26, 2009, the defendant entered a plea of guilty to the charges of fleeing or attempting to elude police officer,[1] driving with a suspended or revoked license,[2] and accidents involving damage to unattended vehicle or property.[3] In exchange for defendant's guilty plea, the Commonwealth agreed to withdraw the charges of driving on roadways laned for traffic, turning movements and required signals, reckless driving and careless driving. Pursuant to the plea agreement, the defendant's minimum sentence was to be capped at the midpoint of the standard range of the sentencing guidelines, with concurrency in sentencing among the three counts. A pre-sentence investigation report was ordered and subsequently prepared. Thereafter, on October 9, 2009, in compliance with the plea agreement, the defendant was sentenced to a term of state imprisonment of not less than one year nor more than three years in a state correctional institution on the charge of fleeing or attempting to elude police officer, as well as a fine in the amount of $500. Additionally, the defendant was sentenced to a term of imprisonment of 60 days on the charge of driving with a suspended or revoked license, and an attendant fine of $500. This sentence was ordered to run concurrently to sentence imposed on the fleeing or attempting to elude police officer count. On the same date, the defendant was ordered to pay a $300 fine on the charge of

---

1. 75 P.S. §3733(a) (a felony of the third degree).
2. 75 P.S. §1543(b)(1).
3. 75 P.S. §3745(a).

accidents involving damage to unattended vehicle or property. The defendant did not file any post-sentence motions. Defendant's within appeal followed on November 9, 2009.

On November 12, 2009, this court instructed the defendant to file of record and serve upon this court a concise statement of errors complained of on appeal no later than December 3, 2009,[4] in accordance with Pennsylvania Rule of Appellate Procedure 1925(b). Defendant complied with this order. In his concise statement of errors complained of on appeal, the defendant asserts one main allegation of error. Specifically, the defendant contends that this court erred in imposing an illegal sentence because the defendant believes that, factually and legally, the charge to which he pled guilty rises only to the level of a misdemeanor charge.[5] We cannot agree with the defendant's assertion.

Initially we note that a driver is guilty of fleeing or attempting to elude police officer if the driver of a motor vehicle "willfully fails or refuses to bring his vehicle to a stop or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop." 75 Pa.C.S. §3733(a). Additionally, an offense under subsection (a) constitutes

---

4. The defendant was granted a week's extension in which to file his concise statement of errors complained of on appeal.

5. The defendant avers in his concise statement of errors complained of on appeal that he was sentenced to fleeing or attempting to elude police officer, graded as a felony of the *second* degree. However, this is not factually accurate. The defendant was sentenced to fleeing or attempting to elude police officer, graded as a felony of the *third* degree.

a felony of the third degree "if the driver while fleeing or attempting to elude a police officer . . . endangers a law enforcement officer or member of the general public due to the driver engaging in a high speed chase." 75 Pa.C.S. §3733(a.2)(2)(iii).

In the instant case, contrary to the defendant's contention, the facts establish and support a grading of the eluding and fleeing offense as a felony of the third degree. Defendant entered a guilty plea to the following factual scenario: On July 9, 2009, at approximately 2 a.m., Trooper Robert Hooper of the Pennsylvania State Police Bethlehem Barracks was on patrol. (N.T. 8/26/09, p. 5.) He was dispatched to a report of a domestic disturbance at the Scottish Inn located at 1701 Catasauqua Road, Hanover Township, Lehigh County. (N.T. 8/26/09, p. 5.) Prior to his arrival at the scene, Trooper Hooper was notified by another Pennsylvania State Police Trooper, Trooper Figarowski, that he had responded to the same hotel room earlier due to the same type of call involving the same people. (N.T. 8/26/09, p. 5.) Upon arrival at the scene, Trooper Hooper met with Manager Rowhad Panda, who related to him that the defendant, Louis Valle, had an argument with his girlfriend. (N.T. 8/26/09, p. 5.) Manager Panda further stated that the defendant had left in a blue Volvo station wagon. (N.T. 8/26/09, p. 5.) A canvas of the area was conducted and yielded negative results. (N.T. 8/26/09, pp. 5-6.) The manager was given Pennsylvania State Police contact information and Trooper Hooper left. (N.T. 8/26/09, p. 6.)

Thereafter, at approximately 2:10 a.m., the Pennsylvania State Police Bethlehem Barracks was notified that

the defendant had returned. (N.T. 8/26/09, p. 6.) Upon arrival at the Scottish Inn, the troopers observed a 1998 Volvo V70, blue in color, at the front of the business. (N.T. 8/26/09, p. 6.) The vehicle then attempted to leave the scene by traveling back on Catasauqua Road to Airport Road. (N.T. 8/26/09, p. 6.) Then, the vehicle entered 22 West from Airport Road North and proceeded up the ramp to Airport Road South on 22 West. (N.T. 8/26/09, p. 6.) The vehicle traveled from a right lane into the left lane without using a turn signal and proceeded to turn left onto Catasauqua Road, again, without using a turn signal. (N.T. 8/26/09, p. 6.) At that point overhead lights and a siren were activated, and a traffic stop was attempted on the vehicle in the parking lot of the Red Roof Inn on Catasauqua Road. (N.T. 8/26/09, p. 6.) The vehicle pulled into a parking stall momentarily before placing the vehicle in reverse and fleeing the scene. (N.T. 8/26/09, p. 6.) The vehicle then traveled through the parking lot of Valley Plaza at a high rate of speed before turning south onto Catasauqua Road. (N.T. 8/26/09, pp. 6-7.) The subject vehicle then turned right onto Pennsylvania Avenue and attempted to turn right onto Clarence Avenue. (N.T. 8/26/09, p. 7.) While attempting to turn right onto Clarence Avenue, the vehicle left the roadway, traveled up a curb and impacted two trees located at 2054 Clarence Avenue in front of a corner home. (N.T. 8/26/09, p. 7.) After coming to rest, the defendant exited the vehicle and fled to an unknown location. (N.T. 8/26/09, p. 7.)

Prior to the vehicle traveling in reverse, Trooper Hooper was able to identify the individual operating the

230

vehicle and the clothes that he was wearing. The individual was the defendant. (N.T. 8/26/09, p. 7.) At the time the defendant was driving the vehicle, his license was suspended for DUI. (N.T. 8/26/09, p. 7.)

In light of the foregoing facts to which the defendant pled guilty, the grading of the offense is properly a felony of the third degree. Indeed, the defendant, while fleeing and eluding the police officer, endangered the officer and the general public by engaging in a high-speed chase. These facts support the grading of the offense as a felony of the third degree. Consequently, the defendant's argument that this court imposed an illegal sentence is baseless. The defendant's appeal should be dismissed.